# EXHIBIT A

scanned: 9/8/2022

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | SUMMONS | CASE NO. |
|---|---|---|
| 22nd JUDICIAL DISTRICT / JUDICIAL CIRCUIT / COUNTY PROBATE | | 22- NF  22-000861-NF |

**Court address**
101 E. Huron Street, Ann Arbor, MI 48104

**Court telephone no.**

**Plaintiff's name(s), address(es), and telephone no(s).**
RESILIENT LIFE CARE, LLC

v

**Defendant's name(s), address(es), and telephone no(s).**
FARM BUREAU MUTUAL INSURANCE COMPANY OF MICHIGAN

Resident Agent: Andrew J. Kok
7373 W. Saginaw Hwy.
P.O. Box 30400
Lansing, MI 48909-7800

**Plaintiff's attorney, bar no., address, and telephone no.**
Martin A. Hogg (P76312)
MILLER & TISCHLER, P.C.
28470 W. 13 Mile Road, Suite 300
Farmington Hills, MI 48334-5401
(248) 945-1040   Fax: (248) 536-5042

CERTIFIED MAIL
SEP 08 2022

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.        **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| July 5, 2022 | 09-30-2022 | /s/ Kim Plumb |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS**                MCR 1.109(B), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Scanned: 9/8/2022

| | **SUMMONS** |
|---|---|
| **PROOF OF SERVICE** | Case No. 22- NF |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Farm Bureau Mutual Insurance Company of Michigan | Resident Agent: Andrew J. Kok, 7373 W. Saginaw Hwy., P.O. Box 30400, Lansing, MI 48909-7800 | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | **TOTAL FEE** $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                  Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

scanned: 9/8/2022

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| 22nd JUDICIAL DISTRICT / JUDICIAL CIRCUIT / COUNTY PROBATE | **SUMMONS** | 22- NF<br>22-000861-NF |

**Court address**
101 E. Huron Street, Ann Arbor, MI 48104

**Court telephone no.**

| Plaintiff's name(s), address(es), and telephone no(s).<br>RESILIENT LIFE CARE, LLC | v | Defendant's name(s), address(es), and telephone no(s).<br>FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN<br><br>Resident Agent: Andrew J. Kok<br>7373 W. Saginaw Hwy.<br>P.O. Box 30400<br>Lansing, MI 48909-7800 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Martin A. Hogg (P76312)<br>MILLER & TISCHLER, P.C.<br>28470 W. 13 Mile Road, Suite 300<br>Farmington Hills, MI 48334-5401<br>(248) 945-1040 Fax: (248) 536-5042 | | CERTIFIED MAIL<br>SEP 08 2022 |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date*<br>09-30-2022 | Court clerk /s/ Kim Plumb<br>July 5, 2022 |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| | SUMMONS |
|---|---|
| **PROOF OF SERVICE** | Case No. 22- NF |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Farm Bureau General Insurance Company of Michigan | Resident Agent: Andrew J. Kok, 7373 W. Saginaw Hwy., P.O. Box 30400, Lansing, MI 48909-7800 | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____

Signature

Scanned: 9/8/2022

FILED IN Washtenaw County Trial Court; 7/1/2022 3:06 PM

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

22-000861-NF

RESILIENT LIFE CARE, LLC            Case No.: 22-    -NF

Hon.: JUDGE ARCHIE C. BROWN

          Plaintiff,

vs

FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN,
and FARM BUREAU MUTUAL INSURANCE COMPANY OF MICHIGAN,

          Defendants.

---

MILLER & TISCHLER, P.C.
MARTIN A. HOGG (P76312)
Attorney for Plaintiff Resilient
28470 W. 13 Mile Road, Suite 300
Farmington Hills, MI 48334
(248) 945-1040 / (248) 536-5042 Fax
Email: mhogg@msapc.net

> *There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.*
>
>     /s/ Martin A. Hogg
>     MARTIN A. HOGG (P76312)
>     Attorney for Plaintiff

---

## PLAINTIFF'S COMPLAINT

Plaintiff, Resilient Life Care, LLC (Resilient), states:

### NATURE OF THE CLAIM

1.     This is an action for no-fault automobile insurance benefits. Resilient has incurred expenses for reasonably necessary products, services, and accommodations that Resilient provided to various patients injured in motor vehicle accidents within the meaning of the Michigan No-Fault Act, MCL 500.3101 *et seq*. Defendants have not paid to Resilient the correct and reasonable amounts allowed under the no-fault law. Resilient seeks full reimbursement for its outstanding charges as well as all applicable no-fault penalties.

1

Scanned: 9/8/2022

## THE PARTIES

2. Plaintiff, Resilient is a foreign limited liability company registered to do business in Michigan. Resilient provides specialized clinical, therapeutic, and rehabilitative residential services.

3. Defendants, FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN and FARM BUREAU MUTUAL INSURANCE COMPANY OF MICHIGAN, (collectively "Farm Bureau"), are insurance companies that conduct continuous business in Ann Arbor, Washtenaw County, Michigan. Defendants are the no-fault automobile insurers responsible to pay benefits for the patients (identified in **Exhibit A**), either by way of contract (copies of which are in Defendants' possession) or by statute.

## JURISDICTIONAL AVERMENTS

4. Jurisdiction is proper in this Court as the amount in controversy exceeds $25,000 and because declaratory relief is sought.

5. Venue is proper in this Court because Defendants conduct business in Ann Arbor, Washtenaw County, Michigan.

## STANDING

6. Resilient brings this action pursuant to a right of direct action under MCL 500.3112 and pursuant to assignments of benefits (attached **as Exhibit B**).

## COUNT I- BREACH OF THE NO-FAULT CONTRACT AND/OR LAW

7. Paragraphs 1-6 are reincorporated as if fully set forth herein.

8. The patients (identified in **Exhibit A**) all sustained accidental bodily injury arising out of motor vehicle accidents within the meaning of the Michigan No-Fault Act, MCL 500.3101, *et seq.*

2

Scanned: 9/8/2022

9.  Resilient is entitled to be reimbursed for all allowable charges for services rendered as defined in §3107 and §3157 of the No-Fault Act.

10. Resilient is allowed $1,686,071.00 under §3157(7) of the amended no-fault law (if applicable to pre-June 11, 2019 motor vehicle accidents) for services rendered to the patients (detailed in **Exhibit A**). Defendants paid $749,594.00. The unpaid balance is therefore $936,477.00.

11. Resilient submitted reasonable proof of the fact and of the amount of loss to Defendants and demanded payment for services rendered. Defendants have failed to fully reimburse Resilient for services rendered to the patients (identified in **Exhibit A**), in violation of their contractual and/or statutory obligation to provide no-fault benefits.

12. Defendants' actions in withholding and/or delaying payment are a breach of their contractual and/or statutory obligation to promptly pay benefits for the aforementioned patients.

13. Defendants' actions in withholding and/or delaying payment render the payments "overdue" and not reasonably in dispute, thereby subjecting Defendants to liability for no-fault penalty interest, pursuant to MCL 500.3142.

14. Defendants' actions in withholding and/or delaying payment are unreasonable within the meaning of the No-Fault Act and subject Defendants to liability for no-fault penalty attorney's fees, pursuant to MCL 500.3148.

WHEREFORE, Plaintiff, Resilient, respectfully requests that this Honorable Court:

a.  Adjudicate Defendants' liability to Resilient for no-fault benefits to which it is entitled;

b.  Grant judgment against Defendants for whatever amount of damages to which Resilient is found to be entitled, plus costs, RJA interest, and no-fault penalty interest pursuant to MCL 500.3142;

c.  Hold Defendants' failure to make full payment as unreasonable pursuant to MCL 500.3148, and order that Defendants pay penalty attorney fees to Resilient; and

Scanned: 9/8/2022

d.  Grant such other and further relief as the Court deems just and proper.

## COUNT II- CLAIM FOR DECLARATORY RELIEF

15. Paragraphs 1-14 are reincorporated as if fully set forth herein.

16. Amended MCL 500.3157 does not provide for retroactive application of its fee cap provisions to those injured before the effective date of the law.

17. Amended §3157 unconstitutionally deprives the benefit of the bargain to those who are entitled to receive no-fault insurance benefits under insurance contracts purchased and vested before the effective date of the revisions to the no-fault law (June 11, 2019).

WHEREFORE, Plaintiff, Resilient, seeks a declaration that Resilient is entitled to reimbursement of its charges (detailed in **Exhibit A**) using only the "reasonable charge" standard (without further reduction). Alternatively, if this (or an Appellate) Court finds that amended §3157 is retroactive and constitutional, Resilient seeks a declaration that it is entitled to reimbursement at 55% of the charges detailed in Resilient's January 1, 2019 charge description master, as further adjusted by the applicable Medical Care component of the Consumer Price Index.

Respectfully submitted,

MILLER & TISCHLER, P.C.

/s/ Martin A. Hogg
BY: MARTIN A. HOGG (P76312)
Attorney for Plaintiff Resilient
28470 W. 13 Mile Road, Suite 300
Farmington Hills, MI 48334

Dated: June 29, 2022        (248) 945-1040; (248) 536-5042 fax

# Exhibit A

Scanned: 9/8/2022

### FARM BUREAU INSURANCE

| Patient Name | Claim No. | Amount Allowed | Payments | Balance |
|---|---|---:|---:|---:|
| 112 - Kathleen Gallagher | PA000002-86-90 | 161,823 | 69,361 | 92,462 |
| 1378 - Yaseni Caballero-Amaya | PA-0000029220-01 | 207,932 | 72,271 | 135,660 |
| 1442 - Timothy O'Connor | CA-0000001827-01 | 181,920 | 67,983 | 113,938 |
| 1795 - Keba Watson | AC-1000001688-01 | 184,843 | 151,152 | 33,691 |
| 1911 - Misty Leonard | AC-1000253153 | 39,168 | 8,787 | 30,380 |
| 1918 - Dominique Greening | AC-1000249578-01 | 237,585 | 0 | 237,585 |
| 3280 - Debra Greer | PA-0000029050-01 | 191,614 | 65,486 | 126,128 |
| 3376 - Samuel Tourkow | AC-1000436400-01 | 242,465 | 193,142 | 49,324 |
| 3566 - Debra Lambert | PA-0000028914-01 | 238,721 | 121,412 | 117,309 |
| Grand Total | | 1,686,071 | 749,594 | 936,477 |

# Exhibit B

scanned: 9/8/2022

## ASSIGNMENT OF NO-FAULT BENEFITS/RIGHTS

I, Ms. Debra Henning as Guardian *and Conservator* of Yaseni Caballero-Amaya (patient/assignors), do hereby assign to Resilient Life Care, LLC (provider/assignee) our right to collect (including the right to sue for) all available insurance benefits (including No-Fault insurance benefits, No-Fault penalty interest and attorney fees, case evaluation sanctions, and all other penalties available under Michigan law and court rule), for unpaid services rendered by provider to date, to patient.

This is an assignment for services already rendered only; this is not an assignment of benefits for services rendered in the future or after the date of this document. This is an assignment to a healthcare provider of a healthcare insurance receivable and any right to payment on all charges by any account debtor insurer.

Patient agrees that as consideration for this assignment, Provider assumes the burden, otherwise born by the Patient, to pursue payment for services rendered by Provider, from the insurance company or payor entity responsible to pay for such services. As further consideration for this assignment, Provider covenants not to sue Patient for services rendered, though Provider does not release Patient from liability therefore.

This assignment prevents the patient from retaining an attorney to pursue the provider's charges without the provider's consent. This assignment prevents the patient from paying the attorney from No-Fault benefits incurred by the patient for the provider's services rendered. This assignment also serves as our authorization for the provider to obtain medical records and to obtain the insurer's claims file and release of any policy information upon request. This assignment shall be irrevocable unless terminated by mutual agreement of Patient and Provider in writing.

**SIGNATURE OF PATIENT/ASSIGNORS & DATE**

Signature *Debrathenning*      Date *March 16, 2022*

Print Name *DebRa Henning, Guardian and ConseRvatoR*

## ASSIGNMENT OF NO-FAULT BENEFITS/RIGHTS

I, Ms. Margaret Browning as Guardian/Conservator of Debra Greer (patient/assignors), do hereby assign to Resilient Life Care, LLC (provider/assignee) our right to collect (including the right to sue for) all available insurance benefits (including No-Fault insurance benefits, No-Fault penalty interest and attorney fees, case evaluation sanctions, and all other penalties available under Michigan law and court rule), for unpaid services rendered by provider to date, to patient.

This is an assignment for services already rendered only; this is not an assignment of benefits for services rendered in the future or after the date of this document. This is an assignment to a healthcare provider of a healthcare insurance receivable and any right to payment on all charges by any account debtor insurer.

Patient agrees that as consideration for this assignment, Provider assumes the burden, otherwise born by the Patient, to pursue payment for services rendered by Provider, from the insurance company or payor entity responsible to pay for such services. As further consideration for this assignment, Provider covenants not to sue Patient for services rendered, though Provider does not release Patient from liability therefore.

This assignment prevents the patient from retaining an attorney to pursue the provider's charges without the provider's consent. This assignment prevents the patient from paying the attorney from No-Fault benefits incurred by the patient for the provider's services rendered. This assignment also serves as our authorization for the provider to obtain medical records and to obtain the insurer's claims file and release of any policy information upon request. This assignment shall be irrevocable unless terminated by mutual agreement of Patient and Provider in writing.

**SIGNATURE OF PATIENT/ASSIGNORS & DATE**

Signature _MB_ Date _3/16/22_

Print Name _Margaret Browning_  3/16/22

scanned: 9/8/2022

# ASSIGNMENT OF NO-FAULT BENEFITS/RIGHTS

I, Ms. Margaret Browning as Guardian of Debra Lambert (patient/assignors), do hereby assign to Resilient Life Care, LLC (provider/assignee) our right to collect (including the right to sue for) all available insurance benefits (including No-Fault insurance benefits, No-Fault penalty interest and attorney fees, case evaluation sanctions, and all other penalties available under Michigan law and court rule), for unpaid services rendered by provider to date, to patient.

This is an assignment for services already rendered only; this is not an assignment of benefits for services rendered in the future or after the date of this document. This is an assignment to a healthcare provider of a healthcare insurance receivable and any right to payment on all charges by any account debtor insurer.

Patient agrees that as consideration for this assignment, Provider assumes the burden, otherwise born by the Patient, to pursue payment for services rendered by Provider, from the insurance company or payor entity responsible to pay for such services. As further consideration for this assignment, Provider covenants not to sue Patient for services rendered, though Provider does not release Patient from liability therefore.

This assignment prevents the patient from retaining an attorney to pursue the provider's charges without the provider's consent. This assignment prevents the patient from paying the attorney from No-Fault benefits incurred by the patient for the provider's services rendered. This assignment also serves as our authorization for the provider to obtain medical records and to obtain the insurer's claims file and release of any policy information upon request. This assignment shall be irrevocable unless terminated by mutual agreement of Patient and Provider in writing.

**SIGNATURE OF PATIENT/ASSIGNORS & DATE**

Signature _MB_ Date _3/16/22_

Print Name _Margaret Browning_

## ASSIGNMENT OF NO-FAULT BENEFITS/RIGHTS

I, Mr. Alan May as Guardian/Conservator of Timothy O'Connor (patient/assignors), do hereby assign to Resilient Life Care, LLC (provider/assignee) our right to collect (including the right to sue for) all available insurance benefits (including No-Fault insurance benefits, No-Fault penalty interest and attorney fees, case evaluation sanctions, and all other penalties available under Michigan law and court rule), for unpaid services rendered by provider to date, to patient.

This is an assignment for services already rendered only; this is not an assignment of benefits for services rendered in the future or after the date of this document. This is an assignment to a healthcare provider of a healthcare insurance receivable and any right to payment on all charges by any account debtor insurer.

Patient agrees that as consideration for this assignment, Provider assumes the burden, otherwise born by the Patient, to pursue payment for services rendered by Provider, from the insurance company or payor entity responsible to pay for such services. As further consideration for this assignment, Provider covenants not to sue Patient for services rendered, though Provider does not release Patient from liability therefore.

This assignment prevents the patient from retaining an attorney to pursue the provider's charges without the provider's consent. This assignment prevents the patient from paying the attorney from No-Fault benefits incurred by the patient for the provider's services rendered. This assignment also serves as our authorization for the provider to obtain medical records and to obtain the insurer's claims file and release of any policy information upon request. This assignment shall be irrevocable unless terminated by mutual agreement of Patient and Provider in writing.

**SIGNATURE OF PATIENT/ASSIGNORS & DATE**

Signature _____  Date 05/16/2022

Print Name ____ALAN MAY, CONSERVATOR &____
              Guardian

## ASSIGNMENT OF NO-FAULT BENEFITS/RIGHTS

I, Mr. David Tourkow as Guardian of Samuel Tourkow (patient/assignors), do hereby assign to Resilient Life Care, LLC (provider/assignee) our right to collect (including the right to sue for) all available insurance benefits (including No-Fault insurance benefits, No-Fault penalty interest and attorney fees, case evaluation sanctions, and all other penalties available under Michigan law and court rule), for unpaid services rendered by provider to date, to patient.

This is an assignment for services already rendered only; this is not an assignment of benefits for services rendered in the future or after the date of this document. This is an assignment to a healthcare provider of a healthcare insurance receivable and any right to payment on all charges by any account debtor insurer.

Patient agrees that as consideration for this assignment, Provider assumes the burden, otherwise born by the Patient, to pursue payment for services rendered by Provider, from the insurance company or payor entity responsible to pay for such services. As further consideration for this assignment, Provider covenants not to sue Patient for services rendered, though Provider does not release Patient from liability therefore.

This assignment prevents the patient from retaining an attorney to pursue the provider's charges without the provider's consent. This assignment prevents the patient from paying the attorney from No-Fault benefits incurred by the patient for the provider's services rendered. This assignment also serves as our authorization for the provider to obtain medical records and to obtain the insurer's claims file and release of any policy information upon request. This assignment shall be irrevocable unless terminated by mutual agreement of Patient and Provider in writing.

**SIGNATURE OF PATIENT/ASSIGNORS & DATE**

Signature: _David Tourkow_  Date: 3-20-22

Print Name: David Tourkow

Scanned: 9/8/2022

## ASSIGNMENT OF NO-FAULT BENEFITS/RIGHTS

I, Siporin & Associates Inc as Guardian of Keba Watson (patient/assignors), do hereby assign to Resilient Life Care, LLC (provider/assignee) our right to collect (including the right to sue for) all available insurance benefits (including No-Fault insurance benefits, No-Fault penalty interest and attorney fees, case evaluation sanctions, and all other penalties available under Michigan law and court rule), for unpaid services rendered by provider to date, to patient.

This is an assignment for services already rendered only; this is not an assignment of benefits for services rendered in the future or after the date of this document. This is an assignment to a healthcare provider of a healthcare insurance receivable and any right to payment on all charges by any account debtor insurer.

Patient agrees that as consideration for this assignment, Provider assumes the burden, otherwise born by the Patient, to pursue payment for services rendered by Provider, from the insurance company or payor entity responsible to pay for such services. As further consideration for this assignment, Provider covenants not to sue Patient for services rendered, though Provider does not release Patient from liability therefore.

This assignment prevents the patient from retaining an attorney to pursue the provider's charges without the provider's consent. This assignment prevents the patient from paying the attorney from No-Fault benefits incurred by the patient for the provider's services rendered. This assignment also serves as our authorization for the provider to obtain medical records and to obtain the insurer's claims file and release of any policy information upon request. This assignment shall be irrevocable unless terminated by mutual agreement of Patient and Provider in writing.

**SIGNATURE OF PATIENT/ASSIGNORS & DATE**

Signature _[signature]_  Date  March 15, 2022

Print Name  Steven Siporin for Siporin & Associates, Inc.

# ASSIGNMENT OF NO-FAULT BENEFITS/RIGHTS

I, Ms. Carolyn Manchester as Guardian of Misty Leonard (patient/assignors), do hereby assign to Resilient Life Care, LLC (provider/assignee) our right to collect (including the right to sue for) all available insurance benefits (including No-Fault insurance benefits, No-Fault penalty interest and attorney fees, case evaluation sanctions, and all other penalties available under Michigan law and court rule), for unpaid services rendered by provider to date, to patient.

This is an assignment for services already rendered only; this is not an assignment of benefits for services rendered in the future or after the date of this document. This is an assignment to a healthcare provider of a healthcare insurance receivable and any right to payment on all charges by any account debtor insurer.

Patient agrees that as consideration for this assignment, Provider assumes the burden, otherwise born by the Patient, to pursue payment for services rendered by Provider, from the insurance company or payor entity responsible to pay for such services. As further consideration for this assignment, Provider covenants not to sue Patient for services rendered, though Provider does not release Patient from liability therefore.

This assignment prevents the patient from retaining an attorney to pursue the provider's charges without the provider's consent. This assignment prevents the patient from paying the attorney from No-Fault benefits incurred by the patient for the provider's services rendered. This assignment also serves as our authorization for the provider to obtain medical records and to obtain the insurer's claims file and release of any policy information upon request. This assignment shall be irrevocable unless terminated by mutual agreement of Patient and Provider in writing.

**SIGNATURE OF PATIENT/ASSIGNORS & DATE**

Signature  _[signature]_                     Date  3/16/22

Print Name  Carolyn Manchester